NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YANILDA ANETTE TORO *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DYFS *et al.*, <br><br> Defendants. | Civ. No. 20-14821 <br><br> **OPINION** |

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon the Application to Proceed *In Forma Pauperis* filed by Plaintiff Yanilda Anette Toro. (ECF No. 1-2.) For the reasons stated herein, Plaintiff Toro's Application to Proceed *In Forma Pauperis* (ECF No. 1-2) is granted, but the Complaint (ECF No. 1) is dismissed.

## BACKGROUND

On September 8, 2020, Plaintiff Toro filed the Complaint (ECF No. 1) and an Application to Proceed *In Forma Pauperis* (ECF No. 1-2). Plaintiff Toro filed the Complaint on behalf of Rosa L. Toro and minors V.L.T., M.R.T., and V.R.T. (collectively, "Plaintiffs"). (Compl. at 1, ECF No. 1.)[1] Plaintiffs name nine Defendants in the Complaint: the New Jersey Division of Child Protection and Permanency ("DCPP"),[2] Trinitas Hospital, Runnels Hospital,

---

[1] The page numbers to which the Court refers are the CM/ECF page numbers.
[2] Plaintiffs refer to the New Jersey Division of Child Protection and Permanency ("DCPP") by its previous name, the Division of Youth and Family Services ("DYFS").

1

Trenton Hospital, Greystone Hospital, Northbrook Hospital, Raritan Bay Hospital, Princeton Hospital (collectively, "Hospital Defendants"), and the New Jersey State Courts Family Division. (*Id.* at 1.) Plaintiffs also state that their claims raise federal questions against a U.S. Government Defendant, but no federal government defendant is named in the Complaint. (*See id.* at 1–2.)

Plaintiffs' specific claims are difficult to discern, but they appear to be related to Plaintiff Toro's daughter, Y.D.Q. It appears that Y.D.Q. is currently in Las Vegas, Nevada, while Plaintiff Toro remains in New Jersey. (*See id.* at 4.) Plaintiff Toro alleges that "DYFS . . . had taken [Y.D.Q.] because they didn't want me to go hysterically emotional because [Y.D.Q.] started to get hormonal, too, at 4 because of a drink." (*Id.* at 3.) Plaintiff Toro further submits that "[t]he state of New Jersey National Guard didn't perform their duties correctly to protect me and [Y.D.Q.]" and "the Hospital [is] trying to keep me and [Y.D.Q.] as patients to study our blood." (*Id.*) Plaintiff Toro maintains that she has experienced mental anguish and suffering because of hormones and lack of contact with her daughter. (*See id.* at 4.)

## LEGAL STANDARDS

### I. Application to Proceed *in Forma Pauperis*

To be eligible to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), a plaintiff must file an application to proceed *in forma pauperis*, including an affidavit stating all income and assets, the plaintiff's inability to pay the filing fee, the "nature of the action," and the "belief that the [plaintiff] is entitled to redress." *See* § 1915(a)(1); *Glenn v. Hayman*, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007).

Under § 1915, a complaint may be subject to *sua sponte* dismissal if the complaint is frivolous, fails to state a claim upon which relief may be granted, or seeks money damages from

2

defendants who are immune from such relief. *See* § 1915(e)(2)(B). A court reviewing an *in forma pauperis* application "has the authority to dismiss a case 'at any time,' . . . regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an [*in forma pauperis*] application in either order or even simultaneously." *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019); *see also id.* at 659 (explaining that the Prisoner Litigation Reform Act altered the two-step framework under § 1915 described in *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

## II.     Failure to State a Claim

To survive dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Iqbal*, 556 U.S. at 675). "Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). The court must accept as true all well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). Third, the court must determine whether the well-pleaded

facts "plausibly give rise to an entitlement for relief." *Malleus*, 641 F.3d at 563 (quoting *Iqbal*, 556 U.S. at 679); *see also Fowler*, 578 F.3d at 211. A complaint that does not demonstrate more than a "mere possibility of misconduct" must be dismissed. *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, *pro se* litigants "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## DISCUSSION

The Court will review Plaintiff Toro's Application to Proceed *In Forma Pauperis* before screening the Complaint. Plaintiff Toro's Application to Proceed *In Forma Pauperis* is sufficient under § 1915(a). Plaintiff Toro provides details regarding her income, expenses, and assets. (*See* Appl. at 1–5, ECF No. 1-2.) She states that she has no assets and that her monthly expenses exceed her monthly income. (*Id.*) Three of Plaintiff Toro's co-Plaintiffs are minors under the age of sixteen. (*See id.* at 3.) Considering these circumstances, the Court grants Plaintiff Toro's Application to Proceed *In Forma Pauperis*.

Upon review of the Complaint, however, the Court recognizes deficiencies that warrant dismissal of this case. Specifically, Plaintiffs have failed to state a claim upon which relief can be granted. First, Plaintiffs do not allege facts involving the New Jersey State Courts Family Division. (*See* Compl. at 2–4.) Therefore, any claims against that Defendant are dismissed.

Second, Plaintiffs fail to state a claim against the Hospital Defendants. Plaintiffs appear to make one statement pertaining to the Hospital Defendants in the Complaint. Plaintiff Toro submits that "[t]he Hospital [is] trying to keep me and [Y.D.Q.] as patients to study our blood." (*Id.* at 3.) Y.D.Q. appears to be located in Las Vegas, Nevada, not at or near one of the hospitals

located in New Jersey. (*See id.*) Additionally, is not clear which of the seven Hospital Defendants Plaintiffs' allegation applies to. (*See id.* at 1–4.) Plaintiffs' statement alone thus does not state a plausible claim for relief against the Hospital Defendants. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (stating that plaintiffs must plead "enough facts to state a claim of relief that is plausible on its face").

Further, Plaintiffs fail to state a claim against Defendant DCPP. Plaintiff Toro submits that Defendant DCPP "had taken [Y.D.Q.] because they didn't want me to go hysterically emotional because [Y.D.Q.] started to get hormonal . . . because of a drink." (Compl. at 3.) Plaintiffs' statement of facts is insufficient to support a plausible legal theory of liability. *See Gelman*, 583 F.3d at 190 (noting that the "mere possibility of misconduct" does not show that the "pleader is entitled to relief" under Rule 8(a)(2) of the Federal Rules of Civil Procedure).

Accordingly, the Court must dismiss the Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). The Court, however, will grant Plaintiffs leave to amend the Complaint to cure the Complaint's deficiencies within thirty (30) days from the entry of the Court's accompanying Order.

## CONCLUSION

For the foregoing reasons, Plaintiff Toro's Application to Proceed *In Forma Pauperis* (ECF No. 1-2) is granted, but the Complaint (ECF No. 1) is dismissed. An appropriate Order will follow.

Date: 11/25/20

ANNE E. THOMPSON, U.S.D.J.