NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| YANILDA ANETTE TORO *et al.*,<br><br>    Plaintiffs,<br><br> v.<br><br>DYFS, *et al.*,<br><br>    Defendants. | Civil Action No. 20-14821 (GC) (DEA)<br><br>**MEMORANDUM ORDER** |

**CASTNER, United States District Judge**

   This matter before the Court upon pro se Plaintiff Yanilda Anette Toro's motion to reopen this case. (ECF No. 35.) The Court carefully reviewed Plaintiff's submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure (Rule) 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Plaintiff's Motion to Reopen is **DENIED**.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

   Plaintiff's claims appear to relate to Plaintiff's minor daughter, Y.D.Q. (ECF Nos. 1, 29.) Plaintiff alleges that in 2007, "someone called DYFS,"[1] which caused DYFS to visit Plaintiff and her daughter "a few times throughout the year" in 2007 and 2008. (ECF No. 29 at 4.[2]) At the time, Plaintiff appears to have suffered from mental illness and "was still taking anxiety pills and

---

[1] Plaintiff refers to the New Jersey Division of Child Protection and Permanency (DCPP) by its previous name, the Division of Youth and Family Services (DYFS).

[2] Page numbers for record cites (i.e., "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

. . . still receiving hospitalizations" at various inpatient psychiatric facilities. (*Id.*) After Plaintiff returned from the hospital on December 27, 2008, "DYFS (C.P.S.) came with a list of [Plaintiff's] pills and asked [Plaintiff] if [she was] going to take them," to which Plaintiff responded "no because some don't pertain to me except anxiety as needed." (*Id.*) DYFS then "brought . . . cops to take [Plaintiff's] daughter away," but the cops "didn't want to separate [them]. So [Plaintiff's] brothers did it." (*Id.* at 5.) According to Plaintiff, DYFS claimed that Plaintiff's daughter "was in imminent danger if [Plaintiff] didn't take [her] pills." (*Id.* at 5.) Plaintiff next alleges that in "family court, the judge ignored and neglected [Plaintiff] as a defendant to not talk when she got information from DYFS. . . . She read what a doctor wrote and . . . went along with it without defense," and "also stated that [Plaintiff] said [Y.D.Q.] was sick when she wasn't." (*Id.*)

On October 22, 2020, Plaintiff initiated this action on behalf of Rosa L. Toro and minors V.L.T., M.R.T., and V.R.T.[3] (ECF No. 1 at 1, 4.) Plaintiff initially named nine Defendants, including DYFS, the New Jersey State Courts Family Division, and seven Hospital Defendants. (ECF No. 2 at 1-2.) On November 25, the Court granted Plaintiff's application to proceed *in forma pauperis* but dismissed Plaintiff's Complaint under 28 U.S.C. § 1915(e) for failure to state a claim. (*Id.* at 4-5.) The Court granted Plaintiff leave to amend within thirty days. (*Id.* at 5.) When Plaintiff did not amend within thirty days, the Court granted Plaintiff an additional fourteen days, but Plaintiff never filed an amended complaint. (ECF No. 7.) On February 22, 2021, the Court ordered the Clerk of Court to close Plaintiff's case. (ECF No. 9.)

---

[3]   Although the pleadings name some of Plaintiff's relatives as co-plaintiffs, none of those individuals has signed any pleadings or otherwise participated in this case, and Plaintiff cannot represent them as a pro se litigant. (ECF No. 25-1 at 2 n.1 (citing *Murray ex rel. Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018)).)

On February 23, 2021, Plaintiff appealed the Court's February 22, 2021 Order to the United States Court of Appeals for the Third Circuit. (ECF No. 10.) On March 25, Plaintiff moved to reopen the case and filed an amended complaint. (ECF Nos. 12 and 13.) The Court terminated Plaintiff's motion pending the outcome of the appeal and granted Plaintiff "leave to refile any motion as appropriate upon the resolution of Plaintiff's appeal." (ECF No. 16.) On September 17, the Third Circuit affirmed the Court's February 22, 2021 Order. (ECF No. 25.) The Third Circuit found that dismissal was warranted for failure to state a claim and because Plaintiff had failed to file an amended complaint despite having "ample time" to do so. (ECF No. 25-1 at 3.) The Third Circuit also noted that during the pendency of the appeal, Plaintiff had filed a motion to reopen the case and that "[n]othing in our opinion here is intended to bar [Plaintiff] from refiling that motion. We take no position on that motion's merits." (*Id.* at 4 n.3.)

Between December 2 and December 6, 2021, Plaintiff filed a second appeal, a motion to appoint pro bono counsel, and a proposed amended complaint. (ECF Nos. 27-30.) On December 13, the Court denied Plaintiff's motion to appoint pro bono counsel. (ECF No. 31.) On March 23, 2022, the Third Circuit dismissed Plaintiff's second appeal because it did not "designate the judgment, order, or part thereof being appealed." (ECF No. 33 at 1.) The case remained closed and inactive until January 11, 2024, when Plaintiff filed the present motion and the case was reassigned to the undersigned. (ECF No. 35.)

## II.     DISCUSSION

Plaintiff does not cite a specific rule or authority in support of her motion to reopen. Instead, Plaintiff acknowledges that the Third Circuit dismissed her second appeal for failure to designate a judgment or order being appealed, and Plaintiff responds that the "order for 2/22/21 should be rewritten" to award her billions of dollars in damages. (*Id.*) Plaintiff asks the Court to

3

"construe this document as a motion to renew [the] case and to be provided a new order due to my living situation and poverty." (*Id.* at 1-2.) The Court, mindful of its obligation to liberally construe the pleadings of pro se litigants, will construe Plaintiff's letter as a motion to reopen the case under Rule 60. *See Duran v. Cohen*, Civ. No. 07-3589, 2016 WL 4155009, at *2 (D.N.J. Aug. 3, 2016) (citation omitted) (considering a pro se plaintiff's request to reopen a case under Rule 60(b)).

Rule 60 governs motions for relief from a final judgment, order, or proceeding. Under Rule 60(b), a party may seek relief from a final judgment and request that a case be reopened "under a limited set of circumstances." *Edwards v. New Jersey*, Civ. No. 22-2396, 2023 WL 3932848, at *2 (D.N.J. Jun. 9, 2023) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). These circumstances include:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.
>
> [Fed. R. Civ. P. 60(b).]

"A motion under Rule 60(b) must be made within a reasonable time," and when the motion is based on Rule 60(b)(1), (2), and (3), "no more than a year after the entry of the judgment or order or the date of the proceeding." Rule 60(c)(1). Courts will only grant relief under Rule 60(b)(6) "in cases evidencing extraordinary circumstances." *Edwards*, 2023 WL 3932848, at *2

4

(quoting *Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975)).  And although pro se plaintiffs are held to less stringent standards than individuals represented by counsel, a pro se plaintiff is "still required to adhere to the rules of civil procedure." *Id.* (quoting *Roy v. U.S. Gov't at White House*, 2017 WL 480411, at *2 (E.D. Pa. Feb. 6, 2017)).

Here, nothing in Plaintiff's motion indicates that any of the circumstances in Rule 60(b)(1) through (6) apply.  Plaintiff repeats her general allegations that DYFS began visiting her home in 2007 due to a neighbor's false accusations against her.  (*Id.* at 3.)  Because Plaintiff has only realleged the same facts that the Court previously found insufficient to state a claim, Plaintiff has not presented a sufficient justification to reopen this case.  *See Edwards*, 2023 WL 3932848, at *2.

Even if Plaintiff were to assert a sufficient basis under Rule 60 to reopen this matter, Plaintiff's motion is untimely.  Both this Court and the Third Circuit suggested that Plaintiff could refile her motion to reopen the case after her first appeal was resolved, which occurred on September 17, 2021.  But instead of refiling the motion, Plaintiff filed a second notice of appeal on December 2, 2021, which was dismissed on March 23, 2022.  And still, Plaintiff did not file the present motion to reopen until January 11, 2024, almost two years later.  Therefore, even under the most generous application of Rule 60(c)'s time limits, Plaintiff's motion is untimely under any subsection of Rule 60(b).  *See* Rule 60(c) (requiring motions under subsections (1), (2), and (3) to be filed within one year); *Duran*, 2016 WL 4155009, at *3 (finding that to the extent that Plaintiff moved to reopen under subsections (4) or (6), a motion filed over two years and seven months after dismissal was untimely); *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1348 (3d Cir. 1987) (finding that a motion under subsection (6) brought "almost two years" after judgment was untimely).

Finally, to the extent that Plaintiff's proposed amended complaint filed on December 6, 2021 could be construed as a request to reopen the case, the amended complaint does not provide a basis to reopen the matter. The amended complaint neither sets forth a sufficient basis to reopen under Rule 60(b), nor does it state a claim upon which relief can be granted as required by 28 U.S.C. § 1915(e). *See Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) ("The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure [('Rule')] 12(b)(6)."). The amended complaint does not allege any facts involving the Hospital Defendants, nor does it ascribe any conduct on behalf of DYFS or the New Jersey Superior Court, Family Division sufficient to support a plausible legal theory of liability. (ECF No. 29 at 4-5 (alleging that DYFS "brought . . . cops to take my daughter away" but that "they didn't want to separate us. So my brothers did it," and that in "family court, the judge ignored and neglected me as a defendant to not talk when she got information from DYFS . . . . She went read what a doctor wrote and went along with it without defense").) *See also Turner v. Children's Hosp. of Philadelphia*, 378 F. App'x 124, 126 (3d Cir. 2010) (holding that a pro se plaintiff's claim that her state-court proceedings were unfair was inextricably intertwined with state court's judgment and thus barred by the *Rooker-Feldman* doctrine); *Melleady v. Blake*, Civ. No. 11-1807, 2011 WL 6303245, at *11-17 (D.N.J. Dec. 15, 2011) (dismissing a pro se plaintiff's constitutional claims against DYFS and New Jersey Family Court for removing a minor child from the plaintiff's home as barred by the *Rooker-Feldman* doctrine, sovereign immunity, and for failure to state a claim under Rules 8 and 12(b)(6) even where the plaintiff generally alleged a conspiracy between the defendants); *Garlic v. NJ Div. of Youth & Fam. Servs.*, Civ. No. 09-1550, 2009 WL 2634665, at *2-3 (D.N.J. Aug. 24, 2009) (dismissing a pro se plaintiff's constitutional claims and requests

for injunctive relief against DYFS as barred by the *Rooker-Feldman* doctrine, sovereign immunity, and the *Ex Parte Young* doctrine).

### III.   CONCLUSION

For the reasons set forth above, and other good cause shown,

**IT IS** on this 15th day of August 2024 **ORDERED** as follows:

1. The Clerk of Court shall reopen this matter for consideration of Plaintiff's motion.
2. Plaintiff's motion to reopen the case (ECF No. 35) is **DENIED**.
3. The Clerk of Court shall **TERMINATE** the motion pending at ECF No. 35 and **CLOSE** this case.

_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**